[No. 11445. Department One. — September 18, 1886.]

## CALIFORNIA STATE BANK, RESPONDENT, v. HAMBURG–BREMEN INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — SALE OF PROPERTY INSURED — POLICY — EQUITABLE LIEN OF VENDOR. — Where a policy of fire insurance contains a provision avoiding it if the property insured should be sold or otherwise disposed of by the assured, so that all his interest therein ceased, and a sale of the property is made by the assured on credit, his equitable lien as vendor is not sufficient to keep the policy alive for the benefit of a third person, to whom the vendee has procured the loss to be made payable.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

In October, 1883, S. Lachman, being the owner of a certain winery, and its contents, consisting of machinery, cooperage, etc., caused the same to be insured in his own name, against loss by fire, in the sum of ten thousand dollars. Six thousand dollars of the insurance was on the building, and four thousand dollars on the

movable chattels, and on this basis the whole amount
was divided among several companies, including the
defendant, whose policy covered about one third of the
whole risk. During the term of the insurance, on
the 7th of May, 1884, Lachman sold and conveyed the
whole of the insured property, both real and personal,
to one M. S. Nevis, for the sum of seven thousand five
hundred dollars, receiving in payment a check for three
thousand five hundred dollars, which was paid, and the
note of Nevis for the balance. Immediately upon the
completion of the transfer, Lachman delivered the poli-
cies of insurance to Nevis, who on the same day pro-
cured an indorsement to be made on each of the policies
by the respective companies, to the effect that the loss,
if any, should be paid to the plaintiff. At the time of
its indorsement, the defendant had no notice of any sale
from Lachman to Nevis. The policy in question con-
tained a provision that it should become void upon any
sale and conveyance of the insured property, and could
only be revived by an assignment to the vendee; and
that no such assignment could be made before a loss
without the written consent of the defendant indorsed
on the policy. Printed on the back of the policy was a
notice, to which the attention of the insured and all con-
cerned was particularly directed, containing forms for
assignment and consent to assignment, and a statement
that the policy was not assignable for the purpose of col-
lateral security, but in all such cases was to be made
"payable in case of loss," etc., by declaration on its face.
The loss, to recover for which the action was brought,
occurred on the night following the sale. The further
facts are stated in the opinion of the court.

*Lloyd & Wood, W. H. Beatty,* and *S. C. Denson,* for
Appellant.

Upon the completion of the sale, the policy became
void, and could only be revived by assignment to the

vendee, made after notice to and consent of the defendant. (Civ. Code, secs. 2610, 2611; *Gladding* v. *Insurance Association*, 66 Cal. 6; *Bergson* v. *Builders' Ins. Co.*, 38 Cal. 541; *Bibend* v. *L. & L. F. & L. Ins. Co.*, 30 Cal. 78; *Shuggart* v. *Lycoming Fire Ins. Co.*, 55 Cal. 408; *Hale* v. *Mechanics' M. F. I. Co.*, 6 Gray, 172; S. C., 66 Am. Dec. 410; *Loring* v. *Manufacturers' Ins. Co.*, 8 Gray, 28; *Brunswick Sav. Inst.* v. *Commercial Union Ins. Co.*, 68 Me. 313.)

*Grove L. Johnson*, and *Freeman & Bates*, for Respondent.

Under the sale, the vendor had a lien on the property sold for the unpaid purchase price, and to that extent retained an insurable interest. (Civ. Code, secs. 3046, 2546; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; May on Insurance, secs. 76, 80, 81, 381; *Ætna Ins. Co.* v. *Jackson*, 16 B. Mon. 242.) The defendant must be deemed to have known of the conveyance, and its indorsement on the policy that the loss should be payable to the plaintiff was a written consent to the transfer, and to the continuing force of the policy. By this assent, it was irrevocably bound and estopped. (*Fishbeck* v. *Phenix Ins. Co.*, 54 Cal. 422; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Haight* v. *Cont. Ins. Co.*, 92 N. Y. 53; *Miner* v. *P. Ins. Co.*, 22 Wis. 603.)

The COURT.—Action on a policy of insurance. The policy contained a clause that if the property insured should be sold or otherwise disposed of, so that all interest or liability on the part of the assured ceased, the insurance should immediately terminate. There was no evidence that the defendant had notice of the sale from Lachman to Nevis, or such notice as would put it on inquiry. When Lachman sold, the policy, as to him, was at an end. His equitable lien as vendor would not avail to keep the policy alive for the benefit of the plaintiff.

The company made no contract by which the plaintiff could recover for the benefit of Nevis.

Judgment and order reversed, and cause remanded for a new trial.